**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In Re

§

EDVIN R. HERNANDEZ and § 
ALEXANDER WATHEN §

§     CIVIL ACTION NO. H-06-4092

Appellants. §

§

§

**MEMORANDUM AND OPINION**

The debtor, Edvin R. Hernandez, and his counsel, Alexander Wathen, appeal the bankruptcy court's decision to deny counsel's fee application. Based on a careful review of the record, the appellants' brief, and the applicable law, this court affirms the bankruptcy court's decision to deny the fees that the debtor sought and remands for consideration of a fee award based on hourly billing for the work performed. The reasons are explained below.

**I.     The Applicable Rules on Fees in Chapter 13 Cases**

Section 330(a)(4)(B) of the Bankruptcy Code provides for reasonable compensation to debtors' attorneys "for representing interests of the debtor in connection with the bankruptcy case." In determining reasonable compensation, the court must consider the "benefit and necessity of such services to the debtor and the other factors set forth" in § 330. The "other factors" are set out in § 330(a)(3) of the Bankruptcy Code, which states:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;

1

(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3) (2005).

Section 330(a)(3) includes the factors identified in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 718-19 (5th Cir. 1974).  The *Johnson* factors are:  1) time and labor required; 2) novelty and difficulty of the legal questions; 3) the skill required to perform the legal service properly; 4) preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee for similar work in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the clients or the circumstances; 8) the amount involved and results obtained; 9) the experience, reputation, and ability of attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19; *In re Cahill,*  428 F.3d 536, 539-40 (5th Cir. 2005).

A Chapter 13 debtor's attorney may seek fees on a fixed-fee basis or on a more traditional lodestar basis using the *Johnson* factors.  Like bankruptcy courts in many districts, the bankruptcy court in the Southern District of Texas has established standardized, "fixed" attorney's fees for routine Chapter 13 bankruptcy cases, to allow the court to award such fees

without a detailed fee application or review. *In re Williams*, 357 B.R. 434, 439 (6th Cir. 2007); Hon. David S. Kennedy *et al., Attorney Compensation in Chapter 13 Cases and Related Matters*, 13 J. BANKR. L. & PRAC. 6 Art. 1 (2004)). General Order 2004-5 clarifies and streamlines bankruptcy court review of Chapter 13 attorney's fee applications. The Fifth Circuit has described General Order 2004-5 as follows:

> . . . General Order 2004-5 provides bankruptcy courts with reasonable attorney time estimates for completing a "typical" Chapter 13 case and customary rates for Chapter 13 services in the Southern District of Texas, which, when multiplied together, yield a typical lodestar amount of $1737. This precalculated lodestar aids bankruptcy courts in disposing of run-of-the-mill Chapter 13 fee applications expeditiously and uniformly, obviating the need for bankruptcy courts to make the same findings of fact regarding reasonable attorney time expenditures and rates in typical cases for each fee application that they review.

*In re Cahill*, 428 F.3d at 540–41 (citations omitted). General Order 2004-5 allows counsel to be paid on either a fixed-fee basis or an hourly fee basis. General Order 2004-5 used a prospective analysis to set a maximum fixed fee that could be submitted under the streamlined procedures. That analysis resulted in a finding of what was reasonable for a typical case. Under General Order 2004-5, if counsel elects to use the fixed-fee arrangement and the fixed-fee arrangement between a debtor and counsel is within a maximum of $2,050 for a "first-out" calculation (for those who are paid out of first-available funds), or $2,460 for shared distribution from the plan (for those who opt to receive their payment out of only a portion of available funds), counsel does not need to file a fee application. Instead, counsel must file the fixed-fee arrangement within 15 days of the petition date, using the form

promulgated by the bankruptcy court.  *See* BANKR. LOCAL R. 2016(b) and (c).  Failure to file

a fixed-fee arrangement within 15 days is a representation that counsel has elected hourly

billing as the basis for the fee award.

If counsel elects hourly fee payment, a fee application is required.  To file an

application for hourly services, counsel must use the form attached to the General Order as

"Exhibit B."  General Order 2004-5 at 19).  That form requires an itemized breakdown of the

hourly billing and other costs.  (*Id.*, Ex. B).  Counsel must also attach detailed time records,

state the basis of the retention, describe any unique issues, and send a copy of the application

and attachment to the case manager.  (*Id.* at 19–20).

On October 3, 2006, General Order 2004-5 was amended to adjust the precalculated

lodestar fixed-fee maximum.  In Misc. Action 06-00305, 2006 WL 2850115 (Bankr. S.D.

Tex. 2006), the court increased the fixed-fee maximum amounts and changed the forms

required to be used for fixed-fee arrangements.  The amended procedures were adopted after

the events at issue in this case.

## II.    Factual and Procedural Background

On July 7, 2006, Hernandez filed a petition under Chapter 13 of the Bankruptcy Code.

Counsel had not filed a fixed-fee arrangement 15 days after the petition was filed.  On

September 13, 2006, the bankruptcy court confirmed the plan with a minor amendment.

Counsel did not file a request for fees before confirmation.

On September 13, 2006, counsel filed a fee application.  (Document 23).  Counsel

used the form for seeking fees on an hourly-billing basis, Exhibit B from General Order

2004-5.  (*Id*. at 1).  However, in the fields labeled "Total professional fees requested in this

application" and "Total paraprofessional fees requested in this application," counsel

responded:  "Not able to break down fee due to $2,600 contractual min. fee."  (*Id*.).  In an

attachment to the Exhibit B form, counsel set out the number of hours he and a paralegal had

spent and the hourly rates:  8.3 hours of legal work at $200 per hour, for a total of $1,660 and

1.8 hours of paralegal work at $75 per hour, for $135.  Counsel stated that he sought the

"minimum fee per contract" with Hernandez, in the amount of $2,600.  On the form, counsel

stated:  "Contract with client provides for and the Rule 2016 form discloses $200/hr with a

minimum of $2,600."  (*Id*.).  Less a $146 down payment from Hernandez, the total fees

counsel sought were $2,454.  The $2,600 minimum fee counsel sought exceeded the

maximum fixed-fee amount permitted under General Order 2004-5 and the hourly billing

amount counsel disclosed.  Counsel did not justify the $2,600 minimum fee other than by the

fact that his client had agreed to it.  Counsel did not request a hearing.

On October 31, 2006, the bankruptcy court denied the fee application, stating as

follows:

> Counsel's application for fees is denied.  The application seeks
> approval of a fixed fee of $2600.  The application does not
> contain the requisite analysis that would allow the Court to
> determine whether a fixed fee is appropriate.  General Order
> 2004-5 contains the type of analysis that would be required to
> determine whether a fixed fee should be approved.
>
> Without an appropriate analysis, the Court cannot determine
> whether counsel meets the requirements of § 330.  Accordingly,
> the application is denied.

(Document 25).

On November 9, 2006, counsel filed a motion for a new trial under Federal Rule of Bankruptcy Procedure 9023.  (Document 26).  That motion stated:

> After re-examining General Order 2004-5 as well as the Court's order in 06-00305, counsel believes that this Court is treating the fee arrangement in this case as a fixed-fee arrangement.  It is fixed in the sense that it has a minimum fee of $2,600 which would cover the first 13 hours of attorney work at the maximum $200 rate contained in the agreement, and it guarantees that counsel will do at least 13 hours of work for this fee in connection with the case if the work is necessary.  If the work in the case totals more than 13 attorney hours or a combination of attorney and paralegal work exceeding $2,600 then of course the client has agreed to pay for any additional work.  This counsel has never considered this agreement to be a fixed fee arrangement, but accepts this court's invitation to treat it as such to the extent that serves as justification for increased fees.  The arrangement could be classified as a hybrid between a fixed fee and a pure hourly agreement.

(*Id*. at 2).  In the motion for new trial, counsel argued that the case presented a degree of risk that justified a fixed-fee arrangement above the maximum.  He also argued that awarding the fixed fee, given the amount of time actually spent on the case, would result in an hourly rate of  $257.43 per hour, similar to the typical lodestar amount ($250 per hour) used by the bankruptcy court to calculate the maximum fixed fee in Misc. Docket 07–00305.  Counsel clarified that he did not bill for the time spent preparing the fee application and elaborated on his credentials.  (*Id*. at 2–3).  Counsel asked the court to "either grant the application without a hearing or schedule a hearing."  (*Id*. at 3).

On December 1, 2006, the bankruptcy court denied the motion for a new trial, stating

as follows:

> Counsel seeks reconsideration of the Court's order denying his fee application in this case.  For two reasons, the motion is denied.
>
> First, counsel failed to submit a proposed form of order.  See BLR 9013(h).
>
> Second, the application fails to set forth a reasoned basis for the "minimum fee" arrangement in the application.  Counsel seeks this Court to review the Court's prior reasoning with respect to a fixed fee award that provides for a fixed fee in chapter 13 cases.  The arrangement proposed by counsel proposes a fixed fee award with a fixed minimum and no fixed maximum.  Such an arrangement must be justified by the applicant.  The motion does not justify the minimum fee.  If a case is dismissed without the filing of a plan, schedules, or statements, would counsel earn the fee?  What if the case took an extremely large amount of work.  Would counsel receive a fee without limit?  The economic theory that support this Court's fixed fee arrangement is that counsel takes risk.  Some cases will have greater awards than hourly fee and others will have lesser awards than the hourly fee.
>
> There may be an economic and legal justification to give counsel only upside and no downside.  If such a justification exists, it has not been provided.

(Document 27).

On December 11, 2006, counsel filed an emergency motion to extend the time to file an appeal from December 14, 2005 to January 3, 2006, so that the court could *sua sponte* award some amount of fees or hold a hearing.  (Document 28).  On December 12, 2006, the court denied that motion.  The court explained:

> Counsel misunderstands the Court's role in approving fee applications.  When the Court initially denied the application, it

7

informed counsel that the application failed to set forth a reasoned basis for the fixed fee application.  Counsel attempts to justify the fixed minimum fee based on a retrospective as to the actual hours spent on the case.  That is not the issue.

If a fixed minimum is to be awarded, it must be awarded based on a prospective view of the risks and rewards.   The retrospective review fails to account for the fact that the agreement provides for minimum recovery.  Inasmuch as the contract provided for a minimum, what amount would the debtor pay if the retrospective review showed a windfall for the lawyer?  The answer is simple—the client would pay the same amount.

If the fixed minimum is to be approved, it must be justified on a broad-based risk-oriented analysis similar to that contained in the Court's review in General Order 2004-5 or Miscellaneous Action 06-00305.

Counsel complains that the Court should award something in this case and that an outright denial of all fees in unfair.  The Court rules on the motions and applications that are filed—not motions and applications that might be filed in the future.  Counsel requests approval of an agreement with a fixed minimum.  That request was denied based on an absence of justification.  If the law now allows counsel to request an alternative arrangement under a different theory, the Court will consider that request when made.

This court does not intend to reverse its decision *sua sponte*.  Accordingly, the motion is denied.

(Document 29 at 1, 2).

Appellants argue that the bankruptcy court abused its discretion by awarding no attorney's fees at all, failing to determine whether the requested fees were reasonable, denying fees despite the fact that no creditors had filed timely claims, and making its order *res judicata* so as to preclude counsel from applying for fees on a different basis.  (*Id*.).  Each argument

8

is addressed below.

## III.    The Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir.1992). A bankruptcy court's findings of fact are reviewed for clear error, with proper deference to that court's opportunity to make credibility determinations. FED. R. BANKR. P. 8013; *In re McDaniel,* 70 F.3d 841, 842-43 (5th Cir. 1995). Legal conclusions are reviewed *de novo*. *Id.; In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993). A bankruptcy court's determination of attorney's fees, including a decision to deny attorney's fees, is reviewed for abuse of discretion. *In re West Delta Oil Co., Inc.*, 432 F.3d 347, 354 (5th Cir. 2005). A bankruptcy court has broad discretion in granting or denying attorney's fees. *See In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005); *In re Hampton Village, Inc.*, 122 Fed. App'x. 717, at *1 (5th Cir. 2004) (citing *In re Prudhomme*, 43 F.3d 1000, 1003-04 (5th Cir. 1995)).

## IV.    Analysis

Appellants argue that the bankruptcy court abused its discretion by awarding no attorney's fees. (Docket Entry No. 4 at 16). The only fees that counsel specifically sought were the fixed-fee amount of $2,600 under the contract with his client. It is undisputed that counsel did not follow the General Order 2004-5 provisions applicable to seeking fees based on a fixed-fee arrangement. Counsel sought an amount that exceeded the maximum allowed for arrangements under General Order 2004-5. Counsel did not seek approval within 15 days

after the petition was filed.  Counsel used the form for hourly billing, stating on the form that he was seeking the contractual fixed-fee amount. (Document 23).  In the fee application filed on September 13, 2005, counsel cited the *Johnson* factors and referred to his credentials to support the fees sought.  (*Id.*).  Counsel applied those factors as if the fees he sought were based on hourly billing rather than a contractual agreement for a fixed sum.  Counsel discussed the first, fourth, and seventh *Johnson* factors by identifying and discussing the time he had actually spent on the case and discussed the fifth and sixth *Johnson* factors by identifying the hourly billing rate.  Counsel did not use the form or procedures prescribed for fixed-fee arrangements, sought an amount that exceeded the fixed-fee maximum, and did not ask for the lower amount of fees based on an hourly billing.  The bankruptcy court did not abuse its discretion in disallowing the fees sought.

In the motion for a new trial, counsel responded to the bankruptcy court's ruling that counsel had not provided the necessary prospective justification required for a fixed-fee arrangement that exceeded the amounts set in General Order 2004-5.  Counsel presented reasons for a higher fixed-fee minimum based on the amount of work and risk that the case had actually presented, an after-the-fact analysis.  Counsel promised to use the approved fixed-fee procedures for future cases.  Counsel argued that the retrospective analysis showed that the fixed-fee amount his client had agreed to resulted in  a relatively low hourly billing rate for the work that was done. (Document 26).  Counsel continued to seek fees based on the $2,600 contractual arrangement, despite his failure to comply with the procedures for approving such arrangements.

Appellants argue that the bankruptcy court should have engaged in a retrospective analysis of the fee arrangement, given the amount of work required to make a prospective showing of whether a fixed fee that exceeds the maximum limits under General Order 2004-5. (Docket Entry No. 4 at 19).  Appellants cite *In Re Cahill*.  (Docket Entry No. 4 at 23–24). In that case, the bankruptcy court awarded attorneys less than the amount requested in their hourly billing.  In the present case, by contrast, counsel asked for a minimum fixed fee of $2,600 and did not apply for fees based on the number of hours and the hourly rate.

Appellant's argument is also inconsistent with General Order 2004-5 and Fifth Circuit precedent.  As noted in the General Order, the Fifth Circuit has not allowed courts to disrupt fee arrangements with retrospective lodestar calculations.  *In re Texas Secs., Inc.*, 218 F.3d 443, 445–46 (5th Cir. 2000); General Order 2004-5 at 13–14 (retrospective lodestar calculations are inappropriate to determine the reasonableness of fixed-fee arrangements).

Appellants argue that the bankruptcy court abused its discretion because no creditors filed timely claims at the time the brief was filed.  (Docket Entry No. 4 at 25).  Appellants do not explain why this fact relieves them of the necessity to seek fees in compliance with the Local Rules and General Order.

Appellants argue that the bankruptcy court abused its discretion by not stating that the order denying the fee application was "without prejudice."  (Docket Entry No. 4 at 26). Appellants fault the bankruptcy court for requiring "a certain theory or magic words" to obtain the fee award.  (*Id*.).  This misreads the bankruptcy court's order.  The court stated that while

it would not *sua sponte* revisit its decision to deny counsel's request for approval of the fixed-fee minimum, filed without complying with this district's procedures and rules, the court would consider a different request for fees, submitted on a basis other than the fixed-fee minimum submitted.  "If the law now allows counsel to request an alternative arrangement under a different theory, the Court will consider that request when made."  (Document 29 at 1, 2).  Counsel did not submit a fee request that complied with the applicable requirements. The record shows that the bankruptcy court did not require "magic words," but did require compliance with the applicable Local Rules and General Order.  The fee application filed did not meet those requirements.

Appellants cite to footnote 6 of *In Re Cahill*, 428 F.3d at 541, for the proposition that the bankruptcy court was required to hold an evidentiary hearing.  (Docket Entry No. 4 at 26). In that case, the appellant argued that the bankruptcy court had made findings on disputed facts without a hearing.  The Fifth Circuit found that there had been a hearing in the bankruptcy court.  *Id.*  If there are disputed issues of fact related to an attorney's fee request, the bankruptcy court must hold an evidentiary hearing.  *In re United States Golf Corp.*, 639 F.2d 1197, 1202 (5th Cir.1981).  The record in this case shows that the bankruptcy court made no rulings on disputed fact issues.  An evidentiary hearing was not required.

Appellants argue that if the fixed fee was excessive or improperly sought, the bankruptcy court should have awarded some lesser amount based on a lodestar or hourly billing analysis.  (Docket Entry No. 4 at 17–18).  It is undisputed that Hernandez's counsel provided legal services.  Counsel has  presented information as to the hours spent and the

hourly rates for himself and a paralegal.   Because counsel failed to comply with the rules and procedures for fixed-fee awards, the bankruptcy court did not abuse its discretion in denying the fee application that was presented.   This case is remanded to the bankruptcy court for consideration of a fee award based on hourly billing for the work performed.

## IV.    Conclusion

The decision of the bankruptcy court to reject the fixed-fee application is affirmed. This case is remanded to the bankruptcy court for consideration of a fee award based on hourly billing for the work performed.

SIGNED on June 29, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge